UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

Terry E. Coleman,

    Plaintiff,

    v.                                              Case No. 1:15cv596

Commissioner of Social Security                    Judge Michael R. Barrett

    Defendant.

## ORDER

This matter is before the Court upon the Magistrate Judge's June 7, 2016 Report and Recommendation ("R&R") which recommends that the decision of the Commissioner be affirmed and this matter be closed on the docket of the Court. (Doc. 18).

Notice was given to the parties under 28 U.S.C. § 636(b)(1)(c). Plaintiff filed objections to the Magistrate Judge's R&R. (Doc. 19).

When objections are received to a magistrate judge's report and recommendation on a dispositive matter, the district judge "must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3). After review, the district judge "may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." *Id*.; *see also* 28 U.S.C. § 636(b)(1).

The Magistrate Judge completed a comprehensive review of the record and the same will not be repeated here except as necessary to respond to Plaintiff's objections.

A. **Dr. Soria**

Plaintiff argues that the ALJ did not properly interpret the opinion of Dr. Soria, Plaintiff's treating psychiatrist. Plaintiff also argues that the ALJ erred by assigning "little weight" to his opinion.

1. **Interpretation**

The Magistrate Judge addressed this same argument in her R&R, and the Court finds no error in the Magistrate Judge's conclusion that the ALJ properly interpreted Dr. Soria's opinion.

Plaintiff argues that Dr. Soria was responsible for providing his opinion as to level of functionality, but it was the vocational expert's job to determine the work-related implications of that functionality level. Dr. Soria found that Plaintiff had a moderate ability to persist at work-like tasks. For the reasons discussed below, however, Dr. Soria's opinion was properly afforded little weight by the ALJ. The vocational expert's testimony that being off-task more than 20% of the workday would be work preclusive was directly related to Dr. Soria's opinion that Plaintiff was moderately able to persist at work-like tasks, or able to do so for up to two-thirds of a workday. Because the ALJ gave little weight to Dr. Soria's opinion, the vocational expert's opinion in this regard is not determinative of whether Plaintiff was disabled in this case. Plaintiff's objections as to this issue are OVERRULED.

2. **Weight of Opinion**

The Magistrate Judge also addressed this same argument in great detail. Nonetheless, Plaintiff argues that Dr. Soria's opinions were consistent with the opinions of Drs. Berg and Nelson and thus, should be given controlling weight.

As the Sixth Circuit has explained:

In assessing the medical evidence supplied in support of a claim, there are certain

> governing standards to which an ALJ must adhere. Key among these is that greater deference is generally given to the opinions of treating physicians than to those of non-treating physicians, commonly known as the treating physician rule. *See* Soc. Sec. Rul. 96–2p, 1996 WL 374188 (July 2, 1996); *Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 544 (6th Cir. 2004). Because treating physicians are "the medical professionals most able to provide a detailed, longitudinal picture of [a claimant's] medical impairment(s) and may bring a unique perspective to the medical evidence that cannot be obtained from the objective medical findings alone," their opinions are generally accorded more weight than those of non-treating physicians. 20 C.F.R. § 416.927(d)(2). Therefore, if the opinion of the treating physician as to the nature and severity of a claimant's conditions is "well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with other substantial evidence in [the] case record," then it will be accorded controlling weight. *Wilson*, 378 F.3d at 544. When the treating physician's opinion is not controlling, the ALJ, in determining how much weight is appropriate, must consider a host of factors, including the length, frequency, nature, and extent of the treatment relationship; the supportability and consistency of the physician's conclusions; the specialization of the physician; and any other relevant factors. *Id*.

*Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 242 (6th Cir. 2007) (footnote omitted).

Here, the ALJ found that Dr. Soria was not entitled to controlling weight due to the lack of explanation for his opinion and the relatively high GAF scores, which speaks to the supportability and consistency of his opinion. (Tr. 33). The ALJ further noted that Plaintiff threatened Dr. Soria with litigation if he did not complete the disability form. (Tr. 33). The ALJ also considered the nature, length and extent of the treatment relationship. (Tr. 33). Despite Plaintiff's argument that the most important consideration is consistency with other medical opinions, it is clear that in order for a treating physician's opinion to be given controlling weight, it must be "well-supported by medically acceptable clinical and laboratory diagnostic techniques <u>and</u> is not inconsistent with other substantial evidence in [the] case record…" *Wilson*, 378 F.3d at 544. (Emphasis added.) The ALJ concluded that Dr. Soria's opinion was not well supported by the evidence in the record. Therefore, as the Magistrate Judge explained, the ALJ discounted Dr. Soria's opinion after properly considering the factors outlined in 20 C.F.R. § 404.1527.

3

Accordingly, Plaintiff's objections on this point are OVERRULED.

### B.  Credibility

Plaintiff argues that the ALJ erred in its assessment of Plaintiff's credibility.  Specifically, Plaintiff argues that his attestation that he was able to work for purposes of unemployment is not inconsistent with a finding of disabled and thus, Plaintiff's credibility was not impeached.

The Magistrate Judge thoroughly reviewed the ALJ's analysis in determining that Plaintiff was not entirely credible.  The record is clear that Plaintiff's attestation regarding unemployment benefits was one of many things, which impeached his credibility.  For example, the ALJ also found that Plaintiff's testimony concerning his gout was not consistent with the medical record and that Plaintiff had not sought mental health treatment until he was actively pursuing medical benefits.  As such, the Court concludes that the Magistrate Judge did not err in finding that substantial evidence supported the ALJ's credibility determination.  Therefore, Plaintiff's objections on this point are OVERRULED.

Based on the foregoing, the Court hereby **ADOPTS** the Magistrate Judge's June 7, 2016 R&R.  (Doc. 18).  Accordingly, the decision of the Commissioner is **AFFIRMED**.  This matter shall be **CLOSED and TERMINATED** from the active docket of this Court.

**IT IS SO ORDERED.**

                                         *s/Michael R. Barrett*
                                         Michael R. Barrett, Judge
                                         United States District Court